

CK-2026-CV-000059 : Stacy Hendrix, et al vs. Jordan Disposal, LLC
State of Kansas - Cherokee County District Court

| | | |
|---|---|---|
| **Case Number** CK-2026-CV-000059 | **Plaintiff** | Stacy Hendrix et al |
| **Case Type** CV Other Tort | **Defendant** | Jordan Disposal, LLC |
| **Opened** | **Judge** | Honorable Maradeth Frederick - Division MFREDERICK |
| **Status** Active | | |

⊞ Show/Hide Participants

| File Date | | Case History |
|---|---|---|
| 04-13-2026 | 11:53:00 AM | PLE: Petition Class Action Petition and Demand for Jury Trial |
| 04-13-2026 | 02:47:00 PM | MOT: Pro Hac Vice Motion To Appear Pro Hac Vice |
| 04-13-2026 | 02:49:00 PM | MOT: Pro Hac Vice Motion To Appear Pro Hac Vice |
| 04-13-2026 | 02:50:00 PM | MOT: Pro Hac Vice Motion To Appear Pro Hac Vice |
| 04-14-2026 | 01:59:00 PM | MOT: Motion (Generic) Verified Application for Admission Pro Hac Vice of Steven Liddle |
| 04-14-2026 | 01:59:00 PM | INF: Motion Additional Pages Certificate of Good Standing Steven Liddle |
| 04-14-2026 | 02:13:00 PM | MOT: Motion (Generic) Verified Application for Admission Pro Hac Vice of Matthew Robb |
| 04-14-2026 | 02:13:00 PM | INF: Motion Additional Pages Certificate of Good Standing Matthew Z. Robb |
| 04-14-2026 | 02:15:00 PM | INF: Motion Additional Pages Certificate of Good Standing Laura L Sheets |
| 04-14-2026 | 02:15:00 PM | MOT: Motion (Generic) Verified Application for Admission Pro Hac Vice of Laura Sheets |
| 04-14-2026 | 04:11:00 PM | ORD: Order (Generic) Order to Appear Pro Hac Vice Steven Liddle |
| 04-14-2026 | 04:11:00 PM | ORD: Order (Generic) Order to Appear Pro Hac Vice Laura Sheets |
| 04-14-2026 | 04:11:00 PM | ORD: Order (Generic) Order to Appear Pro Hac Vice Matthew Robb |
| 04-16-2026 | 11:52:00 AM | NOT: Notice - No Sheriff Service Required Summons |
| 04-21-2026 | 12:55:00 PM | PLE: Summons - Chapter 60 Summons -- Jordan Disposal, LLC |
| 04-28-2026 | 10:50:00 AM | RET: Return of Service Return of Service |

**EXHIBIT A**

ELECTRONICALLY FILED
2026 Apr 13 AM 11:53
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

## IN THE ELEVENTH JUDICIAL DISTRICT
## DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

| | | |
|---|---|---|
| STACY HENDRIX and OPAL BARRY on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| vs. | ) ) | |
| JORDAN DISPOSAL, LLC | ) ) | |
| Defendant. | ) ) ) | CLASS ACTION PETITION |
| _____ | ) | |

Petition Pursuant to K.S.A. Chapter 60

### CLASS ACTION PETITION AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs, Stacy Hendrix and Opal Barry, by and through their undersigned counsel, on behalf of themselves and all others similarly situated, and bring this putative class action against Jordan Disposal, LLC (hereinafter, the "Defendant"), as a result of property damages suffered due to noxious odor emissions from Defendant's Landfill located at 1040 E. Front Street, Galena, Kansas (the "Landfill"). Plaintiffs assert claims for private nuisance, public nuisance, and negligence and seek compensatory relief against Defendant as well as injunctive relief not inconsistent with Defendant's federally and state enforced permits. Plaintiffs respectfully allege and state as follows:

### PARTIES

1.      At all times relevant hereto, Plaintiff Stacy Hendrix has resided at 915 N. Henning Street, Galena, Kansas, and brings this action to recover all damages permitted by law.

2.      At all times relevant hereto, Plaintiff Opal Barry has resided at 408 Wood Street,

1

Galena, Kansas, and brings this action to recover all damages permitted by law.

3.      Defendant Jordan Disposal, LLC has at all times relevant hereto operated and/or maintained the City of Galena's Landfill located at 1040 E. Front Street, Galena, Kansas.

4.      At all times relevant hereto, Defendant, including its predecessors and agents, have exercised control over the Landfill, including day-to-day management and operations.

5.      Defendant Jordan Disposal, LLC is a limited liability company organized in Kansas, with its principal place of business located at 1040 E. Front Street, Galena, Kansas 66739. Defendant's membership includes at least one citizen of the State of Kansas. Thus, Defendant is a citizen of the State of Kansas.

## JURISDICTION AND VENUE

6.      This action seeks recovery for injuries to the Plaintiffs' and Class's real property resulting from the Defendant's wrongful and tortious actions and omissions, which occurred at and around the Landfill in Cherokee County, Kansas, and caused damages to Plaintiffs in Cherokee County and the Class Area.

7.      Defendant is a resident of the State of Kansas and possesses property which is the subject of this litigation in Cherokee County. Therefore, this Court has personal jurisdiction over Defendant.

8.      Defendant resides and conducts business in Cherokee County. Therefore, venue is proper under K.S.A. 60-603.

## FACTUAL ALLEGATIONS

9.      Defendant operates a construction and demolition landfill located at 1040 E. Front Street, Galena, Kansas, where it receives and disposes of solid waste.

10.      Defendant's Landfill disposes of construction and demolition waste, which

typically consists of roadwork material, excavated material, demolition waste, construction/renovation waste, and site clearance waste.[1]

11.    Defendant's Landfill is surrounded by residential properties.

12.    On frequent, recurrent, and continuing occasions too numerous to list herein, Plaintiffs' properties have been and continue to be physically invaded by noxious odors.

13.    The noxious odors which entered Plaintiffs' properties originated from Defendant's Landfill, as a result of Defendant's intentional and/or negligent acts and/or omissions.

14.    These odors caused by the Landfill have been and continue to be dispersed across all public and private land in the Class Area.

15.    Materials deposited into Defendant's Landfill decompose and generate (among other things) Landfill gas, an odorous and offensive byproduct of decomposition which generally consists of methane, hydrogen sulfide, carbon dioxide, and various odorous compounds.

16.    Landfill gas from landfills that accept construction and demolition debris, like Defendant's, can be especially odiferous given the high content of hydrogen sulfide, which is known to have a characteristic "rotten-egg" smell.

17.    Hydrogen sulfide is produced at Defendant's Landfill through the breakdown of organic matter and/or the breakdown of gypsum-containing materials, including but not limited to drywall, wallboard, and sheetrock, which becomes saturated under anaerobic conditions, causing sulfate-reducing bacteria to thrive and produce hydrogen sulfide.

18.    Hydrogen sulfide present in landfill gas can be detected as noxious odors at very low concentrations of only 0.5 parts per billion.

19.    A properly operated, maintained, and managed landfill will collect, capture and

---

[1] https://jordandisposal.com/what-modern-landfills-are-like-galena-kansas/

3

destroy landfill gas from the landfill to prevent it from escaping into the ambient air as fugitive emissions.

20. Landfill gas may be collected and processed through a landfill gas collection system, which is typically comprised of wells and pipes, in addition to blowers, flares, and/or vacuums at the landfill. This landfill gas may be later flared or processed into energy through a variety of treatment systems.

21. Defendant's Landfill operations produce large quantities of leachate, a highly odiferous liquid comprised of liquid waste from materials received at the Landfill. If not properly treated and contained, this leachate can emit noxious odors beyond the Landfill's property boundary.

22. Leachate forms when wastes filter rainwater, whereby the rainwater draws out or leaches the wastes of chemicals and other hazardous constituents.

23. A properly operated, maintained, and managed landfill will collect, capture, and safely dispose of leachate through a leachate drainage, collection, and removal system.

24. A properly operated and maintained landfill will utilize a system of sumps and pipes to pump out and remove leachate so that the leachate may be properly routed, treated, and disposed. Leachate management is key to reducing the probability of landfill gas production.

25. A properly operated, maintained, and managed landfill will implement adequate daily cover practices to reduce leachate formation, prevent water infiltration, control odor emissions, and mitigate landfill gas emissions.

26. Daily cover involves covering the working face of the landfill where waste is actively unloaded with soil or similar alternative materials.

27. A properly operated, maintained, and managed landfill will control the size of its

4

working face so that it may implement adequate daily cover and mitigate landfill gas emissions.

28.    Defendant is required to control its odorous emissions by, among other things, following proper landfilling practices, utilizing adequate landfill cover and covering practices, utilizing adequate lining and lining practices, limiting and/or pre-treating biosolid waste, utilizing odor control technologies, utilizing stormwater management techniques, and installing, operating, maintaining systems for the routing, capture, removal, and elimination of leachate and landfill gas.

29.    Upon information and belief, Defendant's Landfill has failed to utilize a landfill gas collection system at all or has not otherwise implemented an adequate landfill gas collection system, thereby resulting in the offsite emission of noxious odors.

30.    Defendant has failed to implement an adequate leachate collection and removal system in its Landfill that properly lines, covers, routes, captures, and disposes of leachate, thereby resulting in the offsite emission of noxious odors.

31.    Defendant has failed to implement adequate daily cover for the open garbage on its Landfill and has failed to adequately mitigate leachate formation, water infiltration, odor emissions, and landfill gas emissions, thereby resulting in the offsite emission of noxious odors.

32.    Defendant's odor emissions are abatable with reasonable care and diligence by implementing reasonable emission control systems and by following proper landfilling practices and procedures. Defendant has failed to exercise reasonable care and diligence in its operation and maintenance of the Landfill, and Defendant's odor emissions have not been abated.

33.    Defendant has failed to follow proper landfilling practices to prevent noxious offsite odor emissions and has failed to sufficiently collect, capture, and destroy Landfill gas and/or leachate generated at its Landfill to prevent fugitive emissions and to otherwise prevent odors from the Landfill from invading the homes and properties of Plaintiffs and the Class.

5

34.     Defendant's Landfill emissions have been the subject of frequent odor complaints from residents in the nearby residential area. Since January 2025, the City of Galena has received 84 odor complaints regarding Defendant's Landfill.

35.     Below is a sample of odor complaints the City of Galena has received from residents related to Defendant's Landfill:

a.  On January 12, 2025, a resident stated "It just stinks, can't enjoy the air with my kids outside."

b.  On January 31, 2026, a resident reported the "Worst smell of burning rubber and rotten eggs. It was so bad my 3 year old was waving it away and complaining of 'he can't breathe'. Absolutely horrible."

c.  On February 6, 2026, a resident stated "The H2S gas smells like a rotting sewer. A good description would be to go to an outdoor event on a 98 degree day where they have a port a potty. Put that port a potty in your house."

36.     Numerous households have contacted Plaintiffs' counsel documenting the odors they attribute to the Defendant's Landfill.

37.     Below is a small sampling of the factual allegations made by putative class members to Plaintiffs' counsel, demonstrating that the Landfill is the source and cause of the odor emissions, which have caused damages to neighboring properties.

a.  Plaintiff Stacy Hendrix indicated that "We don't want to spend time outside in the yard or let our daughter play outside. We don't want to grill because it stinks so bad you won't want to eat."

b.  Plaintiff Opal Barry reported that "It's a foul odor that makes me sick to my stomach. I cover my mouth and nose so I don't inhale the fumes, the contaminated air. I can smell it in the house as well. The foul smell is overwhelming at times, it lingers in the air outside and in the house."

c.  Putative Class Member Jenny Derfelt and Preston Henderson reported that "It is hard to enjoy playing in the yard with my daughter. I rarely am able to do yardwork because of the odor gagging me. We can't enjoy opening the windows on nice days. The odor is nauseating. Some days after work I can't get from my car to the house fast enough."

6

d. Putative Class Members Brandie and Nick Lorax indicated that "most often winds coming from the N/NE bring a smell I connect with unclean air. Sometimes it is quite [unbearable] to be outside and we have to keep the windows closed when this happens. Would like to see the problem solved and resolved."

38.    The City of Galena has publicly addressed resident concerns with the Landfill's operation and has acknowledged publicly Defendant's odor problem. Mayor Ashley Groves updated the public on January 30, 2025, stating the following:

"I wanted to give an update on the odor in Galena that has been occurring for the past months. To provide a short summary of events to this point, back in the fall we started noticing a terrible odor that coming from the north side of town. To [ ] describe the smell, it was like an awful rotten egg odor. You could not smell it all over town, but definitely could if you were within certain regions of that area... The City, fairly immediately, began communicating with Jordan Disposal (the landfill operators) to try to locate the issue and rectify the problem. Since that time, the City and Jordan Disposal have had several meetings with KDHE (Kansas Department of Health and Environment) to gain some guidance and resolution as to what the next steps should be... Once we can pinpoint the exact issue and location of the odor and what it is, EPA and KDHE said there are some options that should minimize the anaerobic metabolism by bacteria, reducing production of hydrogen sulfide and allowing that gas smell to dissipate."

39.    Following an investigation of Defendant's Landfill by Kansas Department of Health and Environment (KDHE) on January 29, 2025, Defendant was found to have emitted offsite odors and high concentrations of H2S (hydrogen sulfide) into the ambient air in violation of Kansas Administrative Regulations (K.A.R.) 28-29-333(b). Defendant was required to hire a consultant and prepare a monitoring plan for landfill gas concentrations for KDHE's review by March 10, 2025.

40.    In a subsequent public update on September 22, 2025, the City of Galena's Mayor Ashley Groves provided the following statement:

"In regards to the odor that arose last fall as the temperatures changed, we have, in collaboration with Jordan Disposal (the landfill operator), KDHE and the EPA, investigated ways to mitigate the nuisance that it has caused our community members."

41.    The City of Galena has recently received numerous air monitoring reports for

7

Defendant's Landfill which indicate the presence of offsite odors or offsite hydrogen sulfide concentrations on the following dates.

    a. January 1, 2026; January 3, 2026; January 15, 2026; January 19, 2026; January 21, 2025; January 23, 2026; January 27, 2026; January 29, 2026; February 2, 2026; February 4, 2026; February 6, 2026; February 8, 2026; February 10, 2026; February 12, 2026; February 16, 2026; February 18, 2026; February 22, 2026; February 24, 2026.

42. Defendant's landfill is so poorly maintained that on March 6, 2026, a subsurface fire at Defendant's Landfill was detected and reported to KDHE.

43. KDHE informed the City of Galena on March 11, 2026 of the following:

"KDHE was contacted about a subsurface smoldering event in the Construction and Demolition portion of the landfill. The smoldering was actually discovered during work to begin installation of a filter/venting system intended to mitigate odors. Smoldering events produce smoke and can cause increased odors and distress to neighbors."

44. A landfill subsurface fire typically starts from overdrawing a gas collection system or spontaneous combustion.[2] An improper operation and monitoring of a landfill gas collection system may create aerobic conditions that may lead to piping deformation and subsurface fires.[3]

45. Defendant has failed to properly install, operate, and/or monitor a landfill gas collection system, thereby igniting a subsurface fire and subsequently emitting H2S and other pollutants from its Landfill.

46. Defendant's Landfill has repeatedly and continually emitted objectionable noxious odors that were detectable outside the bounds of its property.

47. The Landfill has emitted noxious odors that have caused negative impacts to its neighbors.

48. Defendant's harmful, odorous emissions are continuing; Defendant has failed to

---

[2] https://semspub.epa.gov/work/09/150551.pdf
[3] https://www.atsdr.cdc.gov/HAC/landfill/PDFs/Landfill_2001_ch5.pdf

cease the noxious emissions, despite knowledge, and despite the emissions being abatable with reasonable care and diligence.

49.  The noxious odors emitted from the Landfill are offensive, would be offensive to a reasonable person of ordinary health and sensibilities, and have caused property damage, including by interfering with the ability of Plaintiffs and the Class to use and enjoy their homes and property.

50.  Plaintiffs and the putative class are a limited subset of individuals in Cherokee County, and the proposed Class Area, that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

51.  The proposed Class Area is home to a wide range of commercial and recreational enterprises, including but not limited to retail trade, tourism, health care & social assistance, and education.

52.  Members of the public, including but not limited to business owners, employees, commuters, visitors, customers, clients, students, and patients, have experienced and been harmed by the fugitive noxious odors emitted from the Landfill into public spaces; however, unlike Plaintiffs and the putative class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

53.  They physical invasion of Plaintiffs' and the Class's property by noxious odors has interfered with the use and enjoyment of those properties, resulting in adverse impacts on private residential property values.

54.  Defendant has long been on notice that its operation and maintenance of the Landfill was causing offsite odor emissions and landfill gas into the surrounding residential community, as evidenced by the dozens of odor complaints and the numerous air monitoring

9

reports detecting offsite odors.

55.     Despite clear knowledge that Defendant's Landfill was violating the property rights of its residential neighbors, and causing nuisance level offsite odors, Defendant continued operating the Landfill without an adequate landfill gas collection and disposal system and continued operating in breach of its standard of care for following proper landfill practices. Defendant's knowing conduct under the circumstances was willful, wanton, and in reckless disregard for the property rights of Plaintiffs' and the Class.

## CLASS ALLEGATIONS

### *Definition of the Class*

56.     Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to K.S.A. 60-223. Plaintiffs seek to represent a Class of persons defined as:

> **All owner-occupants and renters of residential property residing within 1.5 miles of the Landfill at any time within the applicable statute of limitations.**

The definitional boundary is subject to modification as discovery will disclose the location of all persons properly included in the Class ("Class Members"). Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

57.     This case is properly maintainable as a class action pursuant to and in accordance with K.S.A. 60-223 in that:

a.  The Class, which includes hundreds of members, is so numerous that joinder of all members is impracticable;

b.  There are substantial questions of law and fact common to the class including those set forth in greater particularity herein;

c.  Questions of law and fact such as those enumerated below, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

10

d.  A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

e.  The relief sought in this class action will effectively and efficiently provide relief to all members of the class;

f.  There are no unusual difficulties foreseen in the management of this class action; and,

g.  Plaintiffs, whose claims are typical of those of the Class, through their experienced counsel, will zealously and adequately represent the Class.

## A. Numerosity

58.  Based on available data, the number of residential households within the Class Area is 1,302 and therefore is so numerous that joinder is impracticable.

## B. Commonality

59.  Numerous common questions of law and fact predominate over any questions affecting individual Class Members, including, but not limited to the following:

a.  Whether and how Defendant negligently and knowingly failed to reasonably maintain and operate the Landfill to prevent offsite odor emissions;

b.  Whether Defendant owed any duties to Plaintiffs;

c.  Which duties Defendant owed to Plaintiffs;

d.  Which steps Defendant has and has not taken in order to control the emission of noxious odors through the maintenance and operation of its Landfill;

e.  Whether and how Defendant operated and/or maintained the landfill gas collection system(s), or otherwise disposed of landfill gas to prevent fugitive odor emissions;

f.  Whether and how Defendant operated and/or maintained leachate management systems to prevent fugitive odor emissions;

g.  Whether and how Defendant engaged in adequate covering practices to prevent fugitive odor emissions;

11

h. Whether Defendant breached its duty and/or acted unreasonably in its landfilling practices, to prevent odors from migrating offsite into the surrounding residential community;

i. Whether and to what extent the Landfill's noxious odors were dispersed over the Class Area;

j. Whether it was reasonably foreseeable that Defendant's failure to properly maintain and operate the Landfill would result in an invasion of Plaintiffs' property interests;

k. Whether Defendant's emission of odors into the Class Area was substantial and unreasonable and constitutes a nuisance under an objective legal standard;

l. Whether and to what degree Defendant's odor emissions have caused adverse impacts on the value of Plaintiffs' properties and similarly situated properties throughout the Class Area; and,

m. The proper measure of damages incurred by Plaintiffs and the Class.

60. The availability of common proof as to a limited subset of the above questions of law and fact may otherwise permit issue certification under K.S.A. 60-223(c)(4).

## C. Typicality

61. Plaintiffs have the same interests in this matter as all the other members of the Class and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

62. The claims of Plaintiffs and the other Class Members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly maintain and/or operate the Landfill.

63. Class Members have similar injuries to the Plaintiffs as a result of the invasion of

12

their properties by Defendant's release of noxious odors causing damage to their properties.

## D. Adequacy of Representation

64.     Plaintiffs' claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class's claims will be prosecuted with diligence and care.

65.     Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

66.     Plaintiffs live in the Class Area and own or rent property that is subject to the recurring invasion of noxious odors originating from Defendant's Landfill.

67.     Plaintiffs have retained the services of counsel who are experienced in complex class action litigation and in particular class actions stemming from the offsite emission of noxious odors from landfills.

68.     Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class Members.

## E. Class Treatment Is the Superior Method of Adjudication

69.     A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

   a. Prosecution of separate actions by or against individual members of the Class would create an unnecessary risk of inconsistent or varying adjudication with respect to individual members of the Class, which may establish incompatible standards of conduct for the party opposing the Class;

   b. Adjudications with respect to individual members of the Class would be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

   c. The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and,

   d. The proposed class action is manageable.

70.    Further, class treatment of Plaintiffs' claims is appropriate and necessary to ensure that common relief is available to the Class and that Class Members can vindicate their rights in a single proceeding.

71.    Notice can be provided to members of the Class by U.S. Mail and/or publication.

### CAUSE OF ACTION ONE – PRIVATE NUISANCE

72.    Plaintiffs restate the allegations of this Complaint as if fully restated herein.

73.    The Defendant owed, and continues to owe, a duty to the Plaintiffs and to the Class to prevent and abate the unreasonable interference with, and the invasion of, their private property interests.

74.    The noxious odors which entered the Plaintiffs' and Class's properties originated from the Landfill, which was improperly and unreasonably maintained, and/or operated by the Defendant.

75.    The Plaintiffs and the Class utilize their properties as residences and reside within the Class Area.

76.    The noxious odors which entered the Plaintiffs' and Class's properties originated from the Defendant's Landfill, which is in close proximity to the Class Area.

77.    By failing to reasonably design, operate, repair, and maintain its Landfill, the Defendant has caused an invasion of the Plaintiffs' and Class's properties by noxious odors on unusually frequent occasions that are too numerous to comprehensively list herein.

78.    The fugitive noxious odors invading the Plaintiffs' and Class's properties are indecent and offensive to individuals with ordinary sensibilities. The noxious odors substantially and unreasonably interfere with the Plaintiffs' and Class's enjoyment of life and the ability to use and enjoy their properties. This includes, but is not limited to:

14

a. Forcing the Plaintiffs and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

b. Causing the Plaintiffs and Class Members to keep their doors and windows closed when they would otherwise have them open;

c. Depriving the Plaintiffs and Class Members of the value of their homes and properties; and

d. Causing the Plaintiffs and Class Members embarrassment, inconvenience, and reluctance to invite guests to their homes.

79. By failing to reasonably operate, repair, and/or maintain its Landfill, the Defendant has wrongfully, negligently, and knowingly created a foreseeable risk of harm and caused an unreasonable invasion of the Plaintiffs' and Class's properties by noxious odors.

80. The Defendant's nuisance is recurring and ongoing.

81. The Defendant's nuisance is abatable.

82. By failing to reasonably operate, repair, and/or maintain the Landfill, thereby causing noxious odors to physically invade the Plaintiffs' and Class's properties, the Defendant intentionally, knowingly, recklessly, and/or negligently created a nuisance that substantially and unreasonably interferes with the Plaintiffs' and Class's properties.

83. As a result of the forgoing misconduct by the Defendant, the Plaintiffs and Class suffered, and continue to suffer, damages to their properties as alleged herein.

84. The Plaintiffs and Class Members did not consent to the invasion of their properties by the Defendant's fugitive noxious odors, which is ongoing and constitutes a nuisance.

85. Any social utility that is provided by the Landfill is patently outweighed by the harm suffered by the Plaintiffs and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and

15

value of their properties.

86.    The Defendant's substantial and unreasonable interference with the Plaintiffs' and Class's use and enjoyment of their properties constitutes a private nuisance. The Defendant is liable for all damages arising from such nuisance, including compensatory and injunctive relief.

## CAUSE OF ACTION TWO – PUBLIC NUISANCE

87.    The Plaintiffs restate the allegations of this Complaint as if fully restated herein.

88.    The Plaintiffs and the Class utilize their properties as residences and reside within the Class Area.

89.    The noxious odors which entered the Plaintiffs' and Class's properties originated from the Defendant's Landfill, which is in close proximity to the Class Area.

90.    By failing to reasonably design, operate, repair, and maintain its Landfill, the Defendant has caused an invasion of the Plaintiffs' and Class's properties by noxious odors on unusually frequent occasions that are too numerous to comprehensively list herein.

91.    The noxious odors that invade the Plaintiffs' and Class's properties are indecent and offensive to the Plaintiffs and Class, and they are indecent and offensive to individuals with ordinary sensibilities. The noxious odors substantially and unreasonably interfere with the Plaintiffs' and Class's enjoyment of life and their ability to use and enjoy their properties. This includes, but is not limited to:

   a. Forcing the Plaintiffs and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

   b. Causing the Plaintiffs and Class Members to keep their doors and windows closed when they would otherwise have them open;

   c. Depriving the Plaintiffs and Class Members of the value of their homes and properties; and

d. Causing the Plaintiffs and Class Members embarrassment, inconvenience, and reluctance to invite guests to their homes.

92. Due to the Defendant's Landfill emissions, the Plaintiffs and the Class have suffered, and continue to suffer, special harm relating to the use and enjoyment of their lands and properties, and decreased property values.

93. Separate and apart from the private property damage incurred by the Plaintiffs and the Class, the Defendant's emissions have substantially interfered with rights common to the general public, including the right to breathe clean air.

94. The injuries to the Plaintiffs' and Class's properties and the harmed rights associated with those properties are separate and different in kind from the harm caused by the Defendant to the public at-large and/or other private individuals not within the Class definition.

95. As a foreseeable, direct, and proximate result of the forgoing misconduct by the Defendant, the Plaintiffs and the Class have suffered special damages to their properties as alleged herein.

96. The damages suffered by the Plaintiffs and Class are uniquely injurious to those parties because they suffer harm relating to the use and enjoyment of their land and property, and decreased property values, which are not harms suffered by the general public.

97. The general public is also impacted by the Landfill's noxious odors when they work, study, commute, shop, or engage in recreation in the Class Area, but they suffer no harm to the use and enjoyment of their land or property, or decreased property values. The harm to the general public is separate and apart from the violations of the Plaintiffs' and Class Members' property rights.

98. The fugitive noxious odors emitted by the Defendant's Landfill have been, and

17

continue to be, unreasonably dispersed across public and private land throughout the Class Area.

99.   The Plaintiffs and Class Members did not consent to the invasion of their properties by the Defendant's fugitive noxious odors, which is ongoing and constitutes a nuisance.

100.   The Defendant's nuisance is recurring and ongoing.

101.   The Defendant's nuisance is abatable.

102.   By failing to reasonably operate, repair, and/or maintain the Landfill so as to abate nuisances such as noxious odor emissions, the Defendant has acted, and continues to act, intentionally, knowingly, recklessly, and/or negligently, and with conscious disregard for public health, safety, peace, comfort, and convenience.

103.   The Plaintiffs and Class suffered, and continue to suffer, harms and damages that are of a different kind and in addition to those suffered by the public at large.

104.   Any social utility that is provided by the Landfill is patently outweighed by the harm suffered by the Plaintiffs and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

105.   The Defendant's substantial and unreasonable interference with the Plaintiffs' and Class's use and enjoyment of their properties arises from a public nuisance, from which the Plaintiffs and Class have uniquely suffered. The Defendant is liable for all damages arising from such nuisance, including compensatory and injunctive relief.

**CAUSE OF ACTION THREE – NEGLIGENCE**

106.   The Plaintiffs restate the allegations of this Complaint as if fully restated herein.

107.   Defendant owed, and continues to owe, a duty to the Plaintiffs and to the Class to operate and maintain the Landfill in a reasonable manner and to take reasonable steps to prevent

18

and abate the fugitive emission of noxious gases and odors from the Landfill.

108. A properly operated and maintained Landfill will not emit noxious odors into neighboring residential areas.

109. Defendant breached its duties by negligently and improperly maintaining and operating the Landfill. By failing to properly maintain and operate its Landfill, the Defendant failed to exercise the duty of ordinary care and diligence.

110. Defendant's breach is demonstrated by its administrative violations, and in the following operational failures:

    a. Failing to properly control the creation of hydrogen sulfide and/or other odiferous compounds from its Landfill;

    b. Failing to implement an adequate landfill gas collection system;

    c. Failing to adequately monitor the creation of landfill gas;

    d. Failing to apply adequate daily cover;

    e. Failing to adequately collect and manage leachate;

    f. Failing to adequately implement odor neutralizing systems; and,

    g. Other failures that have yet to be discovered.

111. Defendant's negligent and improper maintenance of its Landfill is the direct and proximate cause of the invasion of noxious odors upon the Plaintiffs' and Class's homes, land, and properties on occasions too numerous to mention individually.

112. By failing to maintain and/or operate the Landfill, the Defendant negligently, knowingly, intentionally, and recklessly caused the invasion of the Plaintiffs' property by noxious odors.

113. Such invasions by noxious odors were the foreseeable result of the foregoing misconduct by the Defendant, and the Plaintiffs and Class suffered damages to their properties as

19

alleged herein. This includes the loss of use and enjoyment of their properties and the diminution of property values, and other losses to be proven at trial.

114. Defendant could reasonably anticipate that the invasion of the Landfill's noxious odors upon the Plaintiffs' and Class's properties would result in property damages in the form of the loss of use and enjoyment and the diminution of property values.

115. Defendant is liable for all damages arising from such negligence, including compensatory and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A.  Certification of the proposed Class by order pursuant to K.S.A. 60-223;

B.  Designation of the Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C.  Judgment in favor of the Plaintiffs and the Class Members as against the Defendant for each cause of action stated herein;

D.  An award to the Plaintiffs and the Class Members for compensatory damages in an amount in excess of $75,000, including pre- and post-judgement interest;

E.  An award of attorneys' fees and costs, including pre- and post-judgement interest as allowable by law;

F.  An Order holding that the entrance of the aforementioned noxious odors upon the Plaintiffs' and Class's properties constitutes a nuisance;

G.  An Order holding that Defendant was negligent in causing noxious odors to repeatedly invade and interfere with the Plaintiffs' and the Class's private residential properties;

H.  An award to the Plaintiffs and the Class Members for injunctive relief not inconsistent with the Defendant's state and federal regulatory obligations; and

I.  Such further relief, both general and specific, that this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to K.S.A. 60-238, Plaintiffs hereby demand a jury trial on all issues triable alleged in this petition.

Respectfully Submitted,

*/s/ Patrick C. Smith*
Patrick C. Smith, LLC
P.O. Box 1328,
Pittsburg, KS 66762
(620) 308-6692
*Attorney for Plaintiffs*

*/s/ Steven D. Liddle*
Steven D. Liddle*
Laura L. Sheets*
Matthew Z. Robb*
**LIDDLE SHEETS P.C.**
975 E. Jefferson Ave.
Detroit, MI  48207
(313) 392-0015
sliddle@lsclassaction.com
lsheets@lsclassaction.com
mrobb@lsclassaction.com
**Pro Hac Vice Motions to be submitted*

*Attorneys for Plaintiffs*

21

ELECTRONICALLY FILED
2026 Apr 13 PM 2:47
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

IN THE DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

STACY HENDRIX AND OPAL BARRY ON
BEHALF OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,
    Plaintiff,

vs.            Case No. CK-2026-CV-000059

JORDAN DISPOSAL, LLC,
    Defendant.

## MOTION TO APPEAR PRO HAC VICE

Comes now, the Plaintiff's, by and through their attorney of record, Patrick C. Smith, and moves the Court pursuant to Kansas Supreme Court Rule 116 to admit Steven D. Liddle, of Liddle Sheets P.C., to practice before this Court for the purpose of this case. In support of this Motion, movant states as follows:

1. Steven D. Liddle is regularly engaged in the practice of law in the State of Michigan.

2. Steven D. Liddle is a member in good standing under the rules of the Michigan Supreme Courts.

3. Steven D. Liddle is an attorney with the law firm of Liddle Sheets P.C., and is associated with Patrick C. Smith of Patrick C. Smith, LLC. Mr. Smith is an attorney regularly engaged in practicing law in the State of Kansas and is in good standing under the Kansas Supreme Court rules.

4.  Mr. Smith shall be actively engaged in the conduct of this litigation, shall sign all pleadings, documents, and briefs, and shall be present throughout all court appearances, depositions, and mediation unless excused by the Court.

5.  Service on the undersigned shall have the same effect as if personally served on Steven D. Liddle.

PATRICK C. SMITH, LLC


By____/s/ Patrick C. Smith_____
           Patrick C. Smith #13548

708 N. Locust, Ste. B
P. O. Box 1328
Pittsburg, Kansas  66762
(620) 308-6692
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that he served a true and correct copy of the above-

referenced document on this 13th day of April, 2026, addressed to the following:


Kansas Attorney General's Office
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612


_____/s/ Patrick C. Smith_____
Patrick C. Smith #13548
Attorneys for Plaintiffs

ELECTRONICALLY FILED
2026 Apr 13 PM 2:49
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

### IN THE DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

STACY HENDRIX AND OPAL BARRY ON
BEHALF OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,
>    Plaintiff,

vs.    Case No. . CK-2026-CV-000059

JORDAN DISPOSAL, LLC,
>    Defendant.

### MOTION TO APPEAR PRO HAC VICE

Comes now, the Plaintiff's, by and through their attorney of record, Patrick C. Smith, and moves the Court pursuant to Kansas Supreme Court Rule 116 to admit Steven D. Liddle, of Liddle Sheets P.C., to practice before this Court for the purpose of this case. In support of this Motion, movant states as follows:

1. Matthew Z. Robb is regularly engaged in the practice of law in the State of Michigan.

2. Matthew Z. Robb is a member in good standing under the rules of the Michigan Supreme Courts.

3. Matthew Z. Robb is an attorney with the law firm of Liddle Sheets P.C., and is associated with Patrick C. Smith of Patrick C. Smith, LLC. Mr. Smith is an attorney regularly engaged in practicing law in the State of Kansas and is in good standing under the Kansas Supreme Court rules.

4.  Mr. Smith shall be actively engaged in the conduct of this litigation, shall sign all pleadings, documents, and briefs, and shall be present throughout all court appearances, depositions, and mediation unless excused by the Court.

5.  Service on the undersigned shall have the same effect as if personally served on Matthew Z. Robb.

PATRICK C. SMITH, LLC


By＿＿＿ /s/ Patrick C. Smith ＿＿＿＿＿＿＿
            Patrick C. Smith #13548

708 N. Locust, Ste. B
P. O. Box 1328
Pittsburg, Kansas  66762
(620) 308-6692
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned does hereby certify that he served a true and correct copy of the above-referenced document on this 13th day of April, 2026, addressed to the following:

Kansas Attorney General's Office
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612

                                                     /s/ Patrick C. Smith
                                              Patrick C. Smith #13548
                                              Attorneys for Plaintiffs

ELECTRONICALLY FILED
2026 Apr 13 PM 2:50
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

### IN THE DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

STACY HENDRIX AND OPAL BARRY ON
BEHALF OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,
    Plaintiff,

  vs.              Case No. . CK-2026-CV-000059

JORDAN DISPOSAL, LLC,
    Defendant.

### MOTION TO APPEAR PRO HAC VICE

Comes now, the Plaintiff's, by and through their attorney of record, Patrick C. Smith, and moves the Court pursuant to Kansas Supreme Court Rule 116 to admit Steven D. Liddle, of Liddle Sheets P.C., to practice before this Court for the purpose of this case. In support of this Motion, movant states as follows:

1. Laura L. Sheets is regularly engaged in the practice of law in the State of Michigan.

2. Laura L. Sheets is a member in good standing under the rules of the Michigan Supreme Courts.

3. Laura L. Sheets is an attorney with the law firm of Liddle Sheets P.C., and is associated with Patrick C. Smith of Patrick C. Smith, LLC. Mr. Smith is an attorney regularly engaged in practicing law in the State of Kansas and is in good standing under the Kansas Supreme Court rules.

4. Mr. Smith shall be actively engaged in the conduct of this litigation, shall sign all pleadings, documents, and briefs, and shall be present throughout all court appearances, depositions, and mediation unless excused by the Court.

5. Service on the undersigned shall have the same effect as if personally served on Laura L. Sheets.

PATRICK C. SMITH, LLC


By    /s/ Patrick C. Smith
        Patrick C. Smith #13548

708 N. Locust, Ste. B
P. O. Box 1328
Pittsburg, Kansas  66762
(620) 308-6692
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that he served a true and correct copy of the above-referenced document on this 13th day of April, 2026, addressed to the following:

Kansas Attorney General's Office
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612

/s/ Patrick C. Smith
Patrick C. Smith #13548
Attorneys for Plaintiffs

ELECTRONICALLY FILED
2026 Apr 14 PM 1:59
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

## IN THE ELEVENTH JUDICIAL DISTRICT
## DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

STACY HENDRIX and OPAL BARRY on behalf of themselves and all others similarly situated,          )
)
)
)
Plaintiffs,          )          Case No. . CK-2026-CV-000059
)
vs.          )
)
JORDAN DISPOSAL, LLC          )
)
Defendant.          )
)
_____          )

### VERIFIED APPLICATION FOR ADMISSION PRO HAC VICE OF
### STEVEN D. LIDDLE

Pursuant to Rule 116 (e) of the Rules for the District Courts of Kansas, I, Steven D. Liddle, submit the following application for admission to practice law *pro hac vice*. All of the following statement contained in this Application are based on my personal knowledge and are true and correct.

1.  I represent all Plaintiffs referenced.

2.  I am affiliated with Patrick C. Smith, Kansas Bar Association Number 13548 in the prosecution of this case. Mr. Smith is with Patrick C. Smith, LLC, 708 N. Locust, Suite B, PO Box 1328, Pittsburg, Kansas 66762.

3.  My business address is 975 E. Jefferson Avenue, Detroit, Michigan 48207. My business phone number is (313) 392-0015. My email address is sliddle@lsclassaction.com.

4.  I am currently licensed to practice and in good standing in Michigan. My State Bar of Michigan number is P45110.

5. Attached is a recent Certificate of Good Standing from the State of Michigan.

6. The dates of my admittance to the Bar and Courts are as follows:

   - State of Michigan: November 8, 1991

   - U.S. District Court for the Eastern District of Michigan: December 10, 1991

   - U.S. District Court for the Western District of Michigan: September 2, 2010

   - U.S. District Court for the Western District of New York: May 7, 2018

   - U.S. District Court for the Southern District of New York: May 11, 2020

   - U.S. District Court for the Eastern District of Wisconsin: November 3, 2017

   - U.S. District Court for the Western District of Wisconsin: April 1, 2020

   - United States Supreme Court: April 4, 2005

7. I have not been subject to any prior public discipline, including suspension or disbarment in any jurisdiction.

8. I am not currently subject to any disciplinary action or investigation in any jurisdiction.

Respectfully submitted,

Steven D. Liddle, # P45110
Attorney for Plaintiffs
Liddle Sheets P.C.
975 E. Jefferson Avenue
Detroit, Michigan 48207
(313) 392-0015
Attorney for Plaintiffs

ELECTRONICALLY FILED
2026 Apr 14 PM 1:59
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

IN THE DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

STACY HENDRIX AND OPAL BARRY ON
BEHALF OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,
                Plaintiff,

vs.                                                          Case No. CK-2026-CV-000059

JORDAN DISPOSAL, LLC,
                Defendant.


Attached  – Certificate of Good Standing

# THE SUPREME COURT of the STATE OF MICHIGAN

I, Elizabeth Kingston-Miller, Clerk of the Michigan Supreme Court and

Custodian of the Roll of Attorneys admitted to the practice of law in this

state, do hereby certify that, as appears from the records,

## *Steven D Liddle*

was admitted to the practice of law in the courts of the State of Michigan on  .

## *November 6, 1991*

and has remained in good standing since then.

In Testimony Whereof, I set my hand and

affix the seal of the Michigan Supreme

Court on this date:  March 12, 2026

_____

Clerk



ELECTRONICALLY FILED
2026 Apr 14 PM 2:13
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

## IN THE ELEVENTH JUDICIAL DISTRICT
## DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

| | | |
|---|---|---|
| STACY HENDRIX and OPAL BARRY on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. . CK-2026-CV-000059 |
| vs. | ) ) ) | |
| JORDAN DISPOSAL, LLC | ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |

### VERIFIED APPLICATION FOR ADMISSION PRO HAC VICE OF
### MATTHEW Z. ROBB

Pursuant to Rule 116 (e) of the Rules for the District Courts of Kansas, I, Matthew Z. Robb, submit the following application for admission to practice law *pro hac vice*. All of the following statement contained in this Application are based on my personal knowledge and are true and correct.

1. I represent all Plaintiffs referenced.

2. I am affiliated with Patrick C. Smith, Kansas Bar Association Number 13548 in the prosecution of this case. Mr. Smith is with Patrick C. Smith, LLC, 708 N. Locust, Suite B, PO Box 1328, Pittsburg, Kansas 66762.

3. My business address is 975 E. Jefferson Avenue, Detroit, Michigan 48207. My business phone number is (313) 392-0015. My email address is mrobb@lsclassaction.com.

4. I am currently licensed to practice and in good standing in Michigan. My State Bar of Michigan number is P81665.

5. Attached is a recent Certificate of Good Standing from the State of Michigan.

6. I am and have been a member of good standing of the Bar of the State of Michigan since 2016. In addition to my state bar admission, I have also been admitted to practice law in the United States District Court for the Eastern District of Michigan (2017); the United States District Court for the Western District of Michigan (2022); the United States District Court of New Mexico (2021); the United States Court of Appeals for the Ninth Circuit (2021); and the United States Court of Appeals for the Sixth Circuit (2017).

7. I have not been subject to any prior public discipline, including suspension or disbarment in any jurisdiction.

8. I am not currently subject to any disciplinary action or investigation in any jurisdiction.

Respectfully submitted,

Matthew Z. Robb # P81665
Attorney for Plaintiffs
Liddle Sheets P.C.
975 E. Jefferson Avenue
Detroit, Michigan 48207
(313) 392-0015
Attorney for Plaintiffs

ELECTRONICALLY FILED
2026 Apr 14 PM 2:13
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

IN THE DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

STACY HENDRIX AND OPAL BARRY ON
BEHALF OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,
                    Plaintiff,

        vs.                                           Case No. CK-2026-CV-000059

JORDAN DISPOSAL, LLC,
                    Defendant.

Attached  – Certificate of Good Standing

# THE SUPREME COURT of the STATE OF MICHIGAN

I, Elizabeth Kingston-Miller, Clerk of the Michigan Supreme Court and Custodian of the Roll of Attorneys admitted to the practice of law in this state, do hereby certify that, as appears from the records,

## Matthew Z Robb

was admitted to the practice of law in the courts of the State of Michigan on

## December 22, 2016

and has remained in good standing since then.

In Testimony Whereof, I set my hand and affix the seal of the Michigan Supreme Court on this date: March 12, 2026



_____

Clerk

ELECTRONICALLY FILED
2026 Apr 14 PM 2:15
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

IN THE DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

STACY HENDRIX AND OPAL BARRY ON
BEHALF OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,
          Plaintiff,

vs.                           Case No. CK-2026-CV-000059

JORDAN DISPOSAL, LLC,
          Defendant.

Attached – Certificate of Good Standing

# THE SUPREME COURT of the STATE OF MICHIGAN

I, Elizabeth Kingston-Miller, Clerk of the Michigan Supreme Court and
Custodian of the Roll of Attorneys admitted to the practice of law in this
state, do hereby certify that, as appears from the records,

## *Laura L Sheets*

was admitted to the practice of law in the courts of the State of Michigan on

## *November 19, 2001*

and has remained in good standing since then.

In Testimony Whereof, I set my hand and
affix the seal of the Michigan Supreme
Court on this date:  March 12, 2026



_____
Clerk

ELECTRONICALLY FILED
2026 Apr 14 PM 2:15
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

**IN THE ELEVENTH JUDICIAL DISTRICT
DISTRICT COURT OF CHEROKEE COUNTY, KANSAS**

| | | |
|---|---|---|
| STACY HENDRIX and OPAL BARRY on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. . CK-2026-CV-000059 |
| vs. | ) ) ) | |
| JORDAN DISPOSAL, LLC | ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

**VERIFIED APPLICATION FOR ADMISSION PRO HAC VICE OF
LAURA L. SHEETS**

Pursuant to Rule 116 (e) of the Rules for the District Courts of Kansas, I, Laura L. Sheets, submit the following application for admission to practice law *pro hac vice*. All of the following statement contained in this Application are based on my personal knowledge and are true and correct.

1.  I represent all Plaintiffs referenced.

2.  I am affiliated with Patrick C. Smith, Kansas Bar Association Number 13548 in the prosecution of this case. Mr. Smith is with Patrick C. Smith, LLC, 708 N. Locust, Suite B, PO Box 1328, Pittsburg, Kansas 66762.

3.  My business address is 975 E. Jefferson Avenue, Detroit, Michigan 48207. My business phone number is (313) 392-0015. My email address is lsheets@lsclassaction.com.

4.  I am currently licensed to practice and in good standing in Michigan. My State Bar of Michigan number is P63270.

5. Attached is a recent Certificate of Good Standing from the State of Michigan.

6. The dates of my admittance to the Bar and Courts are as follows:

   - State of Michigan: November 19, 2001

   - U.S. District Court Western District of Michigan: September 2010

   - U.S. District Court Eastern District of Michigan: January 2004

   - U.S. District Court Eastern District of Wisconsin: March 2018

   - U.S. District Court District of Colorado:  May 2020

   - U.S. District Court District of Kentucky: January 2023

7. I have not been subject to any prior public discipline, including suspension or disbarment in any jurisdiction.

8. I am not currently subject to any disciplinary action or investigation in any jurisdiction.

Respectfully submitted,

Laura L. Sheets # P63270
Attorney for Plaintiffs
Liddle Sheets P.C.
975 E. Jefferson Avenue
Detroit, Michigan 48207
(313) 392-0015
Attorney for Plaintiffs

ELECTRONICALLY FILED
2026 Apr 14 PM 4:11
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT



**Court:**          Cherokee County District Court

**Case Number:**    CK-2026-CV-000059

**Case Title:**     Stacy Hendrix, et al vs. Jordan Disposal, LLC

**Type:**           ORD: Order (Generic) Order to Appear Pro Hac
                    Vice Steven Liddle

SO ORDERED,

_____

/s/ Maradeth Frederick, District Court
Judge

Electronically signed on 2026-04-14 16:11:14          page 1 of 2

**IN THE ELEVENTH JUDICIAL DISTRICT**
**DISTRICT COURT OF CHEROKEE COUNTY, KANSAS**

| | | |
|---|---|---|
| STACY HENDRIX and OPAL BARRY on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. . CK-2026-CV-000059 |
| | ) | |
| vs. | ) | |
| | ) | |
| JORDAN DISPOSAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER TO APPEAR PRO HAC VICE**

NOW ON THIS DAY, comes before the Court, Plaintiffs' Motion to admit Steven D. Liddle to practice before the Court in this matter pursuant to Kansas Supreme Court Rule 116. Upon review of the Motion and the verified application for admission, the Court finds that the Motion should be, and is hereby, granted.

IT IS SO ORDERED.

**This Order is Effective as of the Date and Time Shown on the Electronic File Stamp.**

SUBMITTED FOR ELECTRONIC FILING BY:

Patrick C. Smith #13548
PATRICK C. SMITH, LLC
708 N. Locust, Ste. B
P. O. Box 1328
Pittsburg, Kansas 66762
(620) 308-6692
Attorney for Plaintiff

ELECTRONICALLY FILED
2026 Apr 14 PM 4:11
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER: CK-2026-CV-000059
PII COMPLIANT



**Court:**          Cherokee County District Court

**Case Number:**    CK-2026-CV-000059

**Case Title:**     Stacy Hendrix, et al vs. Jordan Disposal, LLC

**Type:**           ORD: Order (Generic) Order to Appear Pro Hac
                    Vice Laura Sheets

SO ORDERED,

_____

/s/ Maradeth Frederick, District Court
Judge

Electronically signed on 2026-04-14 16:11:16          page 1 of 2

**IN THE ELEVENTH JUDICIAL DISTRICT
DISTRICT COURT OF CHEROKEE COUNTY, KANSAS**

STACY HENDRIX and OPAL BARRY on )
behalf of themselves and all others similarly )
situated, )
               )
Plaintiffs, )   Case No. . CK-2026-CV-000059
               )
vs. )
               )
JORDAN DISPOSAL, LLC )
               )
Defendant. )
               )
_____ )

**ORDER TO APPEAR PRO HAC VICE**

NOW ON THIS DAY, comes before the Court, Plaintiffs' Motion to admit Laura L. Sheets to practice before the Court in this matter pursuant to Kansas Supreme Court Rule 116. Upon review of the Motion and the verified application for admission, the Court finds that the Motion should be, and is hereby, granted.

IT IS SO ORDERED.

**This Order is Effective as of the Date and Time Shown on the Electronic File Stamp.**

SUBMITTED FOR ELECTRONIC FILING BY:

Patrick C. Smith #13548
PATRICK C. SMITH, LLC
708 N. Locust, Ste. B
P. O. Box 1328
Pittsburg, Kansas 66762
(620) 308-6692
Attorney for Plaintiff

ELECTRONICALLY FILED
2026 Apr 14 PM 4:11
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT



| | |
|---|---|
| **Court:** | Cherokee County District Court |
| **Case Number:** | CK-2026-CV-000059 |
| **Case Title:** | Stacy Hendrix, et al vs. Jordan Disposal, LLC |
| **Type:** | ORD: Order (Generic) Order to Appear Pro Hac Vice Matthew Robb |

SO ORDERED,



_____

/s/ Maradeth Frederick, District Court Judge

Electronically signed on 2026-04-14 16:11:14          page 1 of 2

**IN THE ELEVENTH JUDICIAL DISTRICT
DISTRICT COURT OF CHEROKEE COUNTY, KANSAS**

| | | |
|---|---|---|
| STACY HENDRIX and OPAL BARRY on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. . CK-2026-CV-000059 |
| | ) | |
| vs. | ) | |
| | ) | |
| JORDAN DISPOSAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER TO APPEAR PRO HAC VICE**

NOW ON THIS DAY, comes before the Court, Plaintiffs' Motion to admit Matthew Z. Robb

to practice before the Court in this matter pursuant to Kansas Supreme Court Rule 116. Upon

review of the Motion and the verified application for admission, the Court finds that the Motion

should be, and is hereby, granted.

IT IS SO ORDERED.

**This Order is Effective as of the Date and Time Shown on the Electronic File Stamp.**

SUBMITTED FOR ELECTRONIC FILING BY:

Patrick C. Smith #13548
PATRICK C. SMITH, LLC
708 N. Locust, Ste. B
P. O. Box 1328
Pittsburg, Kansas 66762
(620) 308-6692
Attorney for Plaintiff

ELECTRONICALLY FILED
2026 Apr 16 AM 11:52
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

## IN THE ELEVENTH JUDICIAL DISTRICT
## DISTRICT COURT OF <u>CHEROKEE</u> COUNTY, KANSAS

STACY HENDRIX and OPAL BARRY on behalf of themselves and all others similarly situated,                              )
)
)
)
Plaintiffs,                              )              Case No. . <u>CK-2026-CV-000059</u>
)
vs.                              )
)
JORDAN DISPOSAL, LLC                              )
)
Defendant.                              )
)
)

Proceeding Pursuant to K.S.A. Chapter 60

**SUMMONS**

To:    <u>Jordan Disposal,LLC,</u>
(Defendant's Name)

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the

relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

Patrick C. Smith

708 N. Locust St. Suite, B,

P.O. Box 1328,

Pittsburg, KS   66762

(Attorney's address or Plaintiff's Address)

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.

Clerk of the District Court.

By _____

Clerk or Deputy

ELECTRONICALLY FILED
2026 Apr 21 PM 12:55
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER:  CK-2026-CV-000059
PII COMPLIANT

IN THE <u>11th</u> JUDICIAL DISTRICT
DISTRICT COURT OF <u>CHEROKEE</u> COUNTY, KANSAS

| | |
|---|---|
| Stacy Hendrix et. al., ) | |
| Plaintiff, ) | |
| V ) | Case No. <u>CK-2026-CV-000059</u> |
| Jordan Disposal, LLC, ) | |
| Defendant. ) | |

Defendant's Name and Address:
<u>Jordan Disposal, LLC</u>
<u>1040 E. Front Street</u>
<u>Galena, KS 66739</u>

Proceeding Pursuant to K.S.A. Chapter 60

**SUMMONS**

To: <u>Jordan Disposal, LLC</u>
    (Defendant's name)

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of this summons.

Rev. 12/2022   KSJC

1

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

Patrick Smith

(Attorney's name or Plaintiff's name)

708 N. Locust, Suite B

PO Box 1328

Pittsburg, KS  66762

(Attorney's address or Plaintiff's address)

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.



Clerk of the District Court.

By Elaine Warstler
Clerk or Deputy

**Documents to be served with the Summons**
PLE: Petition Class Action Petition and Demand for Jury Trial

Rev. 12/2022   KSJC

2

ELECTRONICALLY FILED
2026 Apr 28 AM 10:50
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER: CK-2026-CV-000059
PII COMPLIANT

IN THE DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

STACY HENDRIX AND OPAL BARRY ON BEHALF OF
THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,
      Plaintiff,

vs.
                                        Case No. CK-2026-CV-000059

JORDAN DISPOSAL, LLC
      Defendant.

## RETURN OF SERVICE

I certify under oath/penalty of perjury under the laws of Kansas that I served this summons and petition and attachments on April 28, 2026:

[X]  by delivering a copy to Defendant via certified mail

[ ]  by delivering a copy to resident agent via certified mail

[ ]  by delivering a copy to said defendant/respondent personally.

[ ]  by leaving a copy at said defendant's/respondent's usual place of residence with
_____, a person of
suitable age and discretion residing therein.

[ ]  by delivering a copy to the legally appointed or authorized agent of defendant/
respondent: _____.

[ ]  by leaving a copy at defendant's/respondent's usual place of residence, and on
_____,
mailing notice of such service to defendant/respondent by first class mail.

_____04/28/2026_____               _____/s/ Patrick C. Smith_____
Date Served                                Signature of Serving Party
                                            Patrick C. Smith #13548

ELECTRONICALLY FILED
2026 Apr 21 PM 12:55
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER: CK-2026-CV-000059
PII COMPLIANT

IN THE 11th JUDICIAL DISTRICT
DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

Stacy Hendrix et. al.,              )
                  Plaintiff,        )
V                                   )                    Case No. CK-2026-CV-000059
Jordan Disposal, LLC,               )
                  Defendant.        )

Defendant's Name and Address:
Jordan Disposal, LLC
1040 E. Front Street
Galena, KS 66739

Proceeding Pursuant to K.S.A. Chapter 60

**SUMMONS**

To: Jordan Disposal, LLC
(Defendant's name)

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of this summons.

Rev. 12/2022  KSJC                              1

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

<u>Patrick Smith</u>
(Attorney's name or Plaintiff's name)

<u>708 N. Locust, Suite B</u>

<u>PO Box 1328</u>

<u>Pittsburg, KS  66762</u>

(Attorney's address or Plaintiff's address)

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.



Clerk of the District Court.

By <u>Elaine Warstler</u>
Clerk or Deputy

**Documents to be served with the Summons**
PLE: Petition Class Action Petition and Demand for Jury Trial

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jordan Disposal, LLC
1040 E. Front St.
Galena, KS 66739

9590 9402 5884 0038 3134 90

2. Article Number *(Transfer from service label)*

7022 2410 0000 5167 0663

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X Rashea lake ☑ Agent ☐ Addressee

B. Received by *(Printed Name)*  Rashea lake   C. Date of Delivery 4/33/26

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt