**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

STACEY HENDRIX and OPAL BARRY on
behalf of themselves and all others similarly
situated.,

          Plaintiffs,

v.

JORDAN DISPOSAL, LLC

          Defendant.

Case No.: 2:26-CV-02309-JAR-JBW

## ANSWER TO PETITION

Defendant Jordan Disposal, LLC ("Jordan Disposal" or "Defendant") denies each and every allegation set forth in the Petition of Stacy Hendrix and Opal Barry (collectively, the "Plaintiffs") except as specifically admitted, qualified, or otherwise answered below, and for its Answer to the Petition, states and alleges as follows:

## PARTIES

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies the same.

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3. Defendant admits that it has operated and/or maintained the City of Galena's Landfill located at 1040 E. Front Street, Galena, Kansas, since December 15th, 2019. Defendant denies the remaining allegations in Paragraph 3 of the Petition except as expressly admitted.

4. Defendant admits that it has operated and/or maintained the City of Galena's Landfill located at 1040 E. Front Street, Galena, Kansas, since December 15th, 2019. Defendant denies the remaining allegations in Paragraph 4 of the Petition except as expressly admitted.

1

5.    Jordan Disposal admits that it is a limited liability company organized in Kansas, with its principal place of business in Kansas. Jordan Disposal also admits that its registered office is 1040 E. Front St., Galena, Kansas 66739. Jordan Disposal denies that any of its members are citizens of Kansas and that it is a citizen of Kansas. Defendant denies the remaining allegations in Paragraph 5 of the Petition except as expressly admitted.

## JURISDICTION AND VENUE

6.    Defendant denies the allegations contained in Paragraph 6 on the grounds that they state legal conclusions to which no responsive pleading is required.

7.    Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7.

8.    Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 and states that venue is proper in the United States District Court for the District of Kansas.

## STATEMENT OF FACTS

9.    In response to Paragraph 9, Defendant admits that it operates a construction and demolition landfill located at or near 1040 E. Front Street, Galena, Kansas, on behalf of the landfill owner and permit holder, the City of Galena, under the contract "PERFORMANCE CONTRACT FOR THE OPERATION OF THE EXISTING CONSTRUCTION AND DEMOLITION LANDFILL"

10.    Defendant admits that construction and demolition landfills may receive certain categories of construction and demolition waste. Defendant denies the remaining allegations in Paragraph 10 to the extent they characterize the landfill, its operations, or materials received inaccurately or incompletely.

11.    Defendant admits that some residential properties are located in the general vicinity of the landfill. Defendant denies the remaining allegations in Paragraph 11.

12.    Defendant denies the allegations in Paragraph 12.

13.    Defendant denies the allegations in Paragraph 13.

14.    Defendant denies the allegations in Paragraph 14.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the generalized scientific and technical allegations in Paragraph 15 as stated, including the composition, source, quantity, and character of any alleged landfill gas, and therefore denies the same. Defendant further states that the allegations contained in Paragraph 15 require expert analysis and further discovery. Defendant reserves the right to supplement or amend this response as discovery proceeds.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the generalized scientific and technical allegations in Paragraph 16 as stated, because the allegation depends on expert, methodological, site-specific, and factual proof, and therefore denies the same. Defendant further states that the allegations contained in Paragraph 16 require expert analysis and further discovery. Defendant reserves the right to supplement or amend this response as discovery proceeds.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 as stated, including the alleged mechanisms, materials, conditions, and site-specific processes described therein, and therefore denies the same. Defendant further states that the allegations contained in Paragraph 17 require expert analysis and further discovery. Defendant reserves the right to supplement or amend this response as discovery proceeds.

18.    Paragraph 18 contains allegations that depend on scientific, technical, methodological, and expert proof regarding whether hydrogen sulfide present in landfill gas can be detected as noxious odors at concentrations of 0.5 parts per billion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation as it pertains to this specific landfill and therefore denies the same. Defendant further states that the allegations contained in Paragraph 18 require expert analysis and further discovery. Defendant reserves the right to supplement or amend this response as discovery proceeds.

19.    Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 19 to the extent they assert or imply duties or obligations beyond those imposed by applicable statutes, regulations, permits, or other legal requirements. Defendant further denies any alleged noncompliance, causation, injury, or damages. Defendant further states that the allegations contained in Paragraph 19 require expert analysis and further discovery. Defendant reserves the right to supplement or amend this response as discovery proceeds.

20.    Paragraph 20 contains generalized scientific, technical, and operational allegations regarding landfill gas collection systems that are not specific to Defendant's Landfill. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same. Defendant further denies any implication that a landfill gas collection system was required, inadequate, improperly operated, or causally related to any alleged injury or damages.

21.    Paragraph 21 contains vague, undefined, generalized, and technical allegations, including the phrase "large quantities of leachate," which is undefined and not tied to any site-specific facts. Paragraph 21 also contains legal conclusions and characterizations to which no

response is required, including any allegation or implication that leachate from Defendant's Landfill is "highly odiferous" in a manner that caused or contributed to any offsite odors, injury, or damages. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21, including any allegation that leachate was not properly treated, contained, managed, or handled, or required, and further denies any alleged noncompliance, causation, injury, or damages. Defendant further states that the allegations contained in Paragraph 21 require expert analysis and further discovery. Defendant reserves the right to supplement or amend this response as discovery proceeds.

22.    Paragraph 22 contains a generalized scientific and technical definition that Defendant lacks knowledge or information sufficient to form a belief as to the truth of the generalized scientific and technical allegations in Paragraph 22 as stated and therefore denies the same.

23.    Paragraph 23 contains generalized scientific, technical, and operational allegations regarding landfill leachate systems that are not specific to Defendant's Landfill. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same. Defendant further denies any implication that a landfill leachate system was required, inadequate, improperly operated, or causally related to any alleged injury or damages. Defendant further states that the allegations contained in Paragraph 23 require expert analysis and further discovery. Defendant reserves the right to supplement or amend this response as discovery proceeds.

24.    Paragraph 24 contains generalized scientific, technical, and operational allegations regarding landfill leachate systems that are not specific to Defendant's Landfill. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and

therefore denies the same. Defendant further denies any implication that a landfill leachate system was required, inadequate, improperly operated, or causally related to any alleged injury or damages. Defendant further states that the allegations contained in Paragraph 24 require expert analysis and further discovery. Defendant reserves the right to supplement or amend this response as discovery proceeds.

25. Paragraph 25 contains generalized scientific, technical, and operational allegations regarding cover practices that are not specific to Defendant's Landfill. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same. Defendant further denies any implication that a landfill covers system was inadequate, improperly operated, or causally related to any alleged injury or damages. Defendant further states that the allegations contained in Paragraph 25 require expert analysis and further discovery. Defendant reserves the right to supplement or amend this response as discovery proceeds.

26. Paragraph 26 contains generalized scientific, technical, and operational allegations regarding cover practices that are not specific to Defendant's Landfill. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same. Defendant further denies any implication that a landfill covers system was inadequate, improperly operated, or causally related to any alleged injury or damages. Defendant further states that the allegations contained in Paragraph 26 require expert analysis and further discovery. Defendant reserves the right to supplement or amend this response as discovery proceeds.

27. Paragraph 27 contains generalized scientific, technical, and operational allegations regarding cover practices that are not specific to Defendant's Landfill. Defendant lacks knowledge

or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same. Defendant further denies any implication that a landfill covers system was inadequate, improperly operated, or causally related to any alleged injury or damages. Defendant further states that the allegations contained in Paragraph 27 require expert analysis and further discovery. Defendant reserves the right to supplement or amend this response as discovery proceeds.

28.     Paragraph 28 contains legal conclusions and generalized allegations concerning alleged odor-control obligations. Defendant denies that it failed to comply with applicable statutes, regulations, permits, or other legal requirements, including but not limited to, those governing cover, lining, biosolids, stormwater, leachate, landfill gas, or odor control. Defendant further denies any alleged causation, injury, or damages.

29.     In response to Paragraph 29, Defendant denies that it failed to utilize a landfill gas collection system when required by applicable law, denies that any landfill gas collection system was inadequate or required, and denies that any act or omission by Defendant resulted in offsite emission of noxious odors causing Plaintiffs' alleged injuries or damages.

30.     Defendant denies the allegations in Paragraph 30.

31.     Defendant denies the allegations in Paragraph 31.

32.     Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32.

33.     Defendant denies the allegations in Paragraph 33.

34.     In response to Paragraph 34, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same.

35.     In response to Paragraph 35, including subparts a-c, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same.

36.     In response to Paragraph 36, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same.

37.     In response to Paragraph 37, including subparts a-d, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same.

38.     In response to Paragraph 38, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same.

39.     Paragraph 39 purports to characterize KDHE correspondence and/or regulatory records, which speak for themselves. Defendant admits only that KDHE staff visited the Landfill on January 29, 2025, to investigate odor and thereafter required the owner or operator to hire a consultant to prepare a landfill gas monitoring plan. Defendant denies Plaintiffs' characterization of the KDHE correspondence to the extent Plaintiffs allege that KDHE found an off-site exceedance, a violation of K.A.R. 28-29-333(b), or civil liability in the manner alleged. Defendant further denies any alleged causation, classwide injury, damages, or entitlement to relief.

40.     In response to Paragraph 40, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same.

41.     Paragraph 41 purports to characterize certain air monitoring reports allegedly received by the City of Galena. The reports are documents that speak for themselves. Defendant admits the allegations in Paragraph 41 only to the extent they are consistent with the contents of the reports and denies the remaining allegations. Defendant further states that additional discovery

and expert analysis are required to evaluate the methodology, reliability, conditions, locations, representativeness, and causal significance of the reports and any measurements reflected therein. Defendant reserves the right to supplement or amend this response as discovery proceeds.

42.    Defendant admits that a subsurface smoldering fire was detected at the Landfill on or about March 5, 2026. Defendant denies the remaining allegations contained in Paragraph 42, including Plaintiffs' characterization that the Landfill was "so poorly maintained," and further denies any alleged negligence, causation, injury, damages, or civil liability.

43.    In response to Paragraph 43, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as stated and therefore denies the same.

44.    Paragraph 44 contains generalized scientific and technical allegations regarding the typical causes of landfill subsurface fires. Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations as stated and therefore denies the same. Defendant further denies any allegation or implication that any subsurface smoldering event or fire at the Landfill was caused by improper operation, improper monitoring, negligence, noncompliance, or any act or omission by Defendant. Defendant states that additional discovery and expert analysis are required to evaluate the cause, nature, extent, and significance of the alleged event, and Defendant reserves the right to supplement or amend this response as discovery proceeds.

45.    Defendant denies the allegations in Paragraph 45.

46.    Defendant denies the allegations in Paragraph 46.

47.    Defendant denies the allegations in Paragraph 47.

48.    Defendant denies the allegations in Paragraph 48.

49.    Defendant denies the allegations in Paragraph 49.

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 50.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

## CLASS ALLEGATIONS

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 56.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 57, including subparts a-g.

58. Paragraph 58 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 58.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 59, including subparts a-m.

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 60.

61.     Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 61.

62.     Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 62.

63.     Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 63.

64.     Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 64.

65.     Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 65.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and therefore denies the same.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and therefore denies the same.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and therefore denies the same.

69.     Paragraph 69 legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 69, including subparts a-d.

70.     Paragraph 70 legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 70.

71.     Paragraph 71 legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 71.

## CAUSE OF ACTION ONE – PRIVATE NUISANCE

72. Defendant re-alleges and incorporates by reference its answers set forth in Paragraphs 1-71 as if set forth fully herein.

73. Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and therefore denies the same.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78, including subparts a-d.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

## CAUSE OF ACTION TWO – PUBLIC NUISANCE

87. Defendant re-alleges and incorporates by reference its answers set forth in Paragraphs 1-86 as if set forth fully herein.

88.     Defendant denies the allegations in Paragraph 88.

89.     Defendant denies the allegations in Paragraph 89.

90.     Defendant denies the allegations in Paragraph 90.

91.     Defendant denies the allegations in Paragraph 91, including subparts a-d.

92.     Defendant denies the allegations in Paragraph 92.

93.     Defendant denies the allegations in Paragraph 93.

94.     Defendant denies the allegations in Paragraph 94.

95.     Defendant denies the allegations in Paragraph 95.

96.     Defendant denies the allegations in Paragraph 96.

97.     Defendant denies the allegations in Paragraph 97.

98.     Defendant denies the allegations in Paragraph 98.

99.     Defendant denies the allegations in Paragraph 99.

100.    Defendant denies the allegations in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

## CAUSE OF ACTION THREE – NEGLIGENCE

106.    Defendant realleges and incorporates by reference its answers set forth in Paragraphs 1-105 as if set forth fully herein.

107.    Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 107.

108.    Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 108.

109.    Defendant denies the allegations in Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110, including subparts a-g.

111.    Defendant denies the allegations in Paragraph 111.

112.    Defendant denies the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

114.    Defendant denies the allegations in Paragraph 114.

115.    Defendant denies the allegations in Paragraph 115.

## AFFIRMATIVE DEFENSES

By way of further answer and without admitting any of the allegations set forth in the Complaint, Jordan Disposal states and alleges the following Affirmative Defenses:

1.    Plaintiffs' Petition, and each Count contained therein, fails to state a claim upon which relief can be granted.

2.    The Petition fails to allege sufficient facts or claims to support the recovery of the damages and relief sought in the Petition.

3.    Plaintiffs' private nuisance claim is barred, in whole or in part, because Plaintiffs cannot establish a substantial and unreasonable interference with the use and enjoyment of property caused by Jordan Disposal.

4.    Plaintiffs' public nuisance claim is barred, in whole or in part, because Plaintiffs cannot establish a substantial interference with a right common to the general public, nor can they establish a special injury different in kind from any alleged injury to the public at large.

5.      Plaintiffs' negligence claim is barred, in whole or in part, because Jordan Disposal owed no duty as alleged, breached no duty, and did not proximately cause Plaintiffs' alleged injuries or damages.

6.      Plaintiffs' claims are barred or limited to the extent they seek to impose duties, obligations, standards of care, operational requirements, monitoring requirements, gas-control requirements, leachate-management requirements, cover requirements, or odor-control requirements beyond those imposed by applicable statutes, regulations, permits, approvals, or other legal requirements.

7.      Jordan Disposal complied with applicable statutes, regulations, permits, approvals, operating requirements, and regulatory directives. To the extent Plaintiffs allege any regulatory issue, Jordan Disposal denies that any such issue establishes civil liability, negligence, nuisance, causation, classwide injury, or damages.

8.      Plaintiffs' claims are barred or limited to the extent they attempt to convert alleged regulatory requirements, agency communications, inspection observations, monitoring requests, or permit-related matters into a private cause of action or independent basis for civil liability.

9.      Plaintiffs' claims and requested injunctive relief are barred, limited, or subject to stay, referral, or narrowing under doctrines of primary jurisdiction, regulatory deference, or related principles because the allegations implicate technical matters subject to oversight by environmental regulators, including landfill operations, air monitoring, gas monitoring, odor mitigation, leachate management, cover practices, and compliance with solid-waste requirements.

10.     Plaintiffs' alleged injuries or damages, if any, were caused or contributed to by alternative sources, conditions, persons, entities, instrumentalities, activities, environmental conditions, wind, weather, seasonal conditions, municipal operations, industrial activities,

15

agricultural activities, sewage or wastewater sources, vehicles, traffic, construction, demolition, burning, groundwater, plumbing, or other causes unrelated to Jordan Disposal.

11.     Plaintiffs' recovery, if any, is barred or reduced under Kansas comparative fault principles to the extent Plaintiffs, putative class members, third parties, nonparties, or other responsible persons or entities caused or contributed to the alleged injuries or damages.

12.     Plaintiffs' claims are barred or limited because any alleged injuries or damages were caused by intervening, superseding, subsequent, independent, or unrelated events or conditions for which Jordan Disposal is not responsible.

13.     Plaintiffs' claims are barred or limited because the alleged damages, including alleged diminution in value and loss of use and enjoyment, are speculative, uncertain, unsupported, not caused by Jordan Disposal, not recoverable as pleaded, or not capable of proof on a classwide basis.

14.     Plaintiffs and putative class members have not suffered any legally recoverable diminution in property value caused by Jordan Disposal.

15.     Plaintiffs' claims are barred or limited because Plaintiffs cannot establish a legally cognizable physical invasion of their properties by any substance, odor, gas, emission, or condition caused by Jordan Disposal.

16.     Plaintiffs' nuisance claims are barred or limited because any alleged interference was not substantial, unreasonable, actionable, recurring, or of sufficient duration, frequency, intensity, or character to support liability under Kansas law.

17.     Jordan Disposal's operations constitute a reasonable and lawful use of property and provide substantial public, municipal, commercial, and social utility that outweighs any alleged interference or harm.

16

18.     Plaintiffs' claims are barred or limited to the extent Plaintiffs or putative class members acquired, leased, occupied, used, or continued to use property with actual or constructive knowledge of the Landfill, surrounding land uses, or conditions in the area.

19.     Plaintiffs' claims, and the claims of some or all putative class members, are barred in whole or in part by applicable statutes of limitation, including but not limited to limitations periods applicable to negligence, nuisance, property-damage, and related tort claims under Kansas law.

20.     Plaintiffs' claims, and the claims of some or all putative class members, may be barred or limited by any applicable statute of repose.

21.     Plaintiffs' nuisance claims and damages are barred or limited to the extent the alleged condition is properly characterized as permanent, temporary, continuing, abatable, un-abatable, recurrent, or discrete under Kansas law, including any limitations on the time period and measure of recoverable damages.

22.     Jordan Disposal is entitled to all setoffs, credits, offsets, reductions, or apportionments available by law for any amounts paid, owed, recovered, or attributable to other persons, entities, sources, or causes.

23.     Plaintiffs and some or all putative class members lack Article III standing and/or prudential standing to assert some or all claims or requested relief, including claims for injunctive relief, classwide relief, public nuisance relief, and damages for properties they do not own, occupy, or use during relevant time periods.

24.     Plaintiffs' claims for injunctive or equitable relief are barred or limited to the extent the alleged conditions are not ongoing, are not likely to recur, have been addressed, or do not present irreparable harm.

25.     Plaintiffs cannot establish the elements necessary for injunctive relief, including irreparable harm, inadequacy of legal remedies, likelihood of success, balance of equities, public interest, specificity, feasibility, enforceability, and consistency with applicable regulatory requirements and permits.

26.     Plaintiffs' requested injunctive relief is improper, vague, overbroad, infeasible, duplicative of regulatory oversight, inconsistent with applicable permits or regulatory requirements, or would improperly interfere with the discretion and authority of governmental regulators.

27.     To the extent Plaintiffs seek punitive or exemplary damages, such relief is barred or unavailable because Plaintiffs cannot satisfy the substantive or procedural requirements for such relief under Kansas law, including any requirement of willful, wanton, malicious, or fraudulent conduct and any required court authorization to amend to assert such damages.

28.     Plaintiffs cannot satisfy Rule 23, including numerosity, commonality, typicality, adequacy, predominance, superiority, ascertain-ability, manageability, and the requirement that claims be capable of resolution through common proof.

29.     Individualized issues predominate over any alleged common issues, including property location, wind direction, weather, exposure, frequency, duration, intensity, odor perception, source, alternative causes, property use, ownership or occupancy, mitigation, causation, damages, diminution in value, loss of use and enjoyment, and alleged special injury.

30.     Plaintiffs and putative class members did not suffer a common injury capable of classwide proof, and any alleged damages cannot be established by a common, reliable, non-speculative, or classwide methodology.

31.    Plaintiffs are not adequate or typical class representatives because their alleged circumstances, exposures, property interests, damages, knowledge, defenses, and interests are individualized and may conflict with those of putative class members.

32.    The proposed class and class area are overbroad, not ascertainable by objective criteria, not tied to reliable proof of exposure or injury, and include persons who were not exposed to any actionable condition and suffered no injury caused by Jordan Disposal.

33.    Certification of the proposed class, imposition of classwide liability, classwide injunctive relief, or classwide damages based on generalized proof would violate Jordan Disposal's due process rights, including its right to contest exposure, causation, defenses, and damages on an individualized basis.

34.    Plaintiffs' claims and requested relief are barred or limited by Federal Rule of Civil Procedure 19 to the extent Plaintiffs failed to join required or indispensable parties, including persons or entities whose rights, regulatory authority, property interests, operations, permits, or conduct may be implicated by the allegations or requested relief.

35.    Plaintiffs' claims are barred or limited to the extent alleged injuries or damages were caused by property, conditions, persons, entities, instrumentalities, or operations not owned, operated, controlled, or maintained by Jordan Disposal.

36.    Plaintiffs' claims are barred or limited to the extent alleged odors, dispersion, measurements, impacts, or damages were caused by weather, wind, temperature inversions, precipitation, atmospheric conditions, natural conditions, or other acts of God beyond Jordan Disposal's control.

37.    Plaintiffs' claims are barred or limited to the extent they seek recovery for annoyance, inconvenience, embarrassment, discomfort, personal distress, personal injury, medical

issues, fear, stigma, or similar alleged harms that are not recoverable under the pleaded property-damage theories or are not supported by competent proof.

38.    Plaintiffs' claims are barred or limited to the extent they seek purely economic, remote, consequential, stigma-based, speculative, or non-proximately caused damages not recoverable under the pleaded causes of action.

39.    Plaintiffs' claims are barred or limited to the extent Plaintiffs cannot present admissible expert testimony or other competent evidence establishing source, fate and transport, exposure, regulatory significance, standard of care, breach, causation, diminution in value, damages, or classwide proof.

40.    Plaintiffs' claims may be barred, in whole or in part, to the extent that Plaintiffs and/or their agent(s) failed to mitigate and/or minimize Plaintiffs' damages.

41.    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' damages were proximately caused by the acts and omissions of third parties.

42.    Plaintiffs' claims are barred, in whole or in part, to the extent any alleged injury suffered by Plaintiffs did not result from and/or was not proximately caused by Jordan Disposal's acts, omissions, or alleged wrongful conduct.

43.    Plaintiffs' claims are barred, in whole or in part, to the extent the doctrines of waiver, consent, acquiescence, forfeiture, laches, accord and satisfaction, assumption of risk, estoppel, contributory/ comparative negligence, unjust enrichment, and unclean hands apply.

44.    The alleged injuries and damages, if any, may have existed before the occurrence complained of, and recovery therefore shall be precluded or diminished as required by law.

45. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff is seeking damages that are not properly recoverable under the theories set forth in the Petition, including, but not limited to, attorney's fees.

46. Plaintiffs' claimed injuries and damages, if any, may have been caused by subsequent and non-related events and Jordan Disposal is not responsible for those injuries and damages, if any.

47. Plaintiffs' claims are barred or limited to the extent the alleged conditions, emissions, odors, damages, or requested relief arise from acts, omissions, decisions, designs, permits, property conditions, operations, ownership interests, regulatory directives, consultants, contractors, predecessors, successors, municipalities, governmental entities, or other persons or entities not owned, employed, controlled, directed, or legally chargeable to Jordan Disposal.

48. Plaintiffs' claims are barred or limited to the extent they seek recovery for alleged conditions, emissions, odors, operations, conduct, or damages occurring before Jordan Disposal owned, operated, maintained, controlled, or had legal responsibility for the Landfill, or outside the applicable limitations period.

49. Plaintiffs' claims and requested injunctive relief are barred, limited, preempted, displaced, or otherwise unavailable to the extent they would require Jordan Disposal to undertake actions inconsistent with, duplicative of, or in addition to applicable permits, regulatory approvals, agency directives, or the discretion and authority of KDHE, EPA, or other governmental regulators.

50. Plaintiffs cannot satisfy the requirements for certification of any damages class, injunctive-relief class, or issue class because the claims and requested relief depend on individualized issues of exposure, source, causation, property interest, location, use, occupancy,

duration, intensity, frequency, damages, defenses, and the feasibility, necessity, and propriety of any injunction.

51.   Defendant Jordan Disposal reserves the right to assert additional affirmative defenses as they may become known through discovery and further investigation of Plaintiffs' claims.

## PRAYER FOR RELIEF

**WHEREFORE,** having fully answered the allegations contained in the Petition, and having asserted its affirmative defenses, Defendant Jordan Disposal, LLC prays that:

1.   The Court dismiss all claims asserted by Plaintiffs in the Petition against Defendant with prejudice, and that Plaintiffs recover nothing by them;

2.   The Court award to Defendant the costs, expenses, and attorneys' fees incurred by Defendant to defend against the claims asserted in the Petition, to the extent allowed by law; and

3.   For such other and further relief as the Court may deem just, equitable, and proper permitted by law.

## JURY TRIAL

Defendant hereby waives Defendant's right to trial by jury and requests that this matter be tried to the Court without a jury. Defendant acknowledges that a bench trial may be held only if all parties waive the right to a jury trial.

Respectfully Submitted,

/s/ Jennifer S. Tatum

Jennifer S. Tatum, MO #KS-001271
John M. Taylor, MO #KS-001349
GORDON REES SCULLY MANSUKHANI, LLP
2300 Main Street, Suite 900
Kansas City, MO 64108
Telephone:     (816) 303-0815
Facsimile:     (913) 945-1101
jtatum@grsm.com
jmtaylor@grsm.com

*Attorneys for Defendant Jordan Disposal, LLC*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing Answer was filed on June 2, 2026, using the electronic filing system, which will send notice of filing to all registered attorneys of record.

/s/ Jennifer S. Tatum

Jennifer S. Tatum